McCracken v. Soucy.

---

## Nicholas McCracken

### v.

## Clovis Soucy.

*Municipal Corporations—Election of Supervisor—Officer de Facto—Commons—Schools—Pleading.*

1. An election held in the usual place, called by the officer designated by the law to perform that duty, and at the time duly fixed therefor, constitutes the only election provided for by law, although a majority of the legal voters vote at another meeting on the same day, called by an unauthorized person and at an unusual place.

2. It is proper to sustain a demurrer to special pleas coupled with the general issue when they raise an issue which is immaterial.

3. The expenditure of funds coming to the hands of a *de facto* officer for an unauthorized purpose, is no defense to an action to recover the same though such expenditure is for a useful purpose.

4. Public funds expended by such officer for lawful purposes can not afterward be recovered from him.

[Opinion filed March 14, 1889.]

Appeal from the Circuit Court of St. Clair County; the Hon. George W. Wall, Judge, presiding.

Mr. R. A. Halbert, for appellant.

Messrs. Koerner & Horner, for appellee.

PHILLIPS, J.   This is an action of assumpsit for money had and received.   A trial was had before the judge without a jury, a verdict and judgment for plaintiff for $1,251.71, and the defendant appealed.

The evidence shows that appellee was elected supervisor of the village of Cahokia in March, 1884.   Under the law the supervisor is the proper officer to call an election for the choice of his successor.   The term of office of the supervisor for the village is made two years.   As such supervisor appellee called an election for the time fixed by law, in March, 1886, to be held at the usual place for holding elections.   An election was also called for a like purpose by appellant, who claimed to be supervisor of the village, which election was to take place at a different point from that appointed by appellee, but at the same time.

The right of appellee to the office, from the election of 1884, for the term ensuing, has been determined by the Supreme Court of this State, in Soucy v. The People, etc., ex rel. McCracken, 116 Ill. 109.   At the election held at the place appointed by appellee he was re-elected supervisor.   At the place of election appointed by appellant, appellant was elected supervisor by a majority of the votes of the village; but the election held at the usual place for holding elections, called by the officer designated by the law to call the election, and at the time fixed by law for the election, must be regarded as the only election held as provided by law, and the person elected by the ballots there cast must be held to be duly elected.   The certificate of the judges and clerk of that election shows that appellee was duly elected supervisor for the term commencing March, 1886.

During the term from March, 1884, appellant, assuming to act as supervisor, collected certain moneys for commons leased by him as such supervisor, in the sum of $1,643.   He also collected certain moneys derived from the sale of commons, in the sum of $1,251.71.   Appellee, after his election in 1886, brought suit to recover the money so collected by appellant.   Appellant filed the general issue and two special pleas.   To the special pleas a demurrer was sustained, which appellant

assigns as error. The special pleas were that the defendant was supervisor at the time of suit and trial. Under the plea of the general issue, the right of the plaintiff to recover must be shown. To be entitled to recover money due to him as supervisor, he must show that he was such supervisor. The general issue, therefore, raised the question ; and the defendant's special pleas, averring that the defendant was supervisor, presented an issue that was immaterial. The demurrer to such special pleas was properly sustained.

Appellant insists it was error to render judgment against him for $1,251.71, contending that the money had been paid out for the support of the schools of the village.

By Sec. 7 of the act of 1874, Bowman's Compilation, page 24, only the interest arising from the sale and conveyance of commons in fee can be used for any purpose. No authority, therefore, existed in any one to use the principal so derived, and the use of such principal being unauthorized for any purpose, it does not help the cause of appellant that he paid out such sum for a purpose that was useful. Such sum so derived should still remain in the hands of the supervisor, and there was therefore no error in entering judgment against the appellant for the sum of $1,251.71.

Appellee, on the other hand, assigns as cross-error the refusal of the court to find his verdict and enter judgment for the sum of $1,643 in addition to the amount for which judgment was rendered. That sum, $1,643, was received by appellant for commons leased by him, he assuming to act during the term from March, 1884, as a *de facto* supervisor.

By Sec. 4 of the act of 1841, page 10, and by Secs. 7, 8 and 9 of the act of 1874, Bowman's Compilation, page 24, the money derived from the lease of commons may be used for the support of the schools of the village. The evidence shows that the sum of $1,643, and even a much larger sum, was paid out by appellant for the support of the schools of the village, and so to use that money was authorized by law. The mere fact that it was paid out by a *de facto* officer would not authorize a judgment against such officer, the use of the money being legal. Neither would the fact of the receipt of such

money by such *de facto* officer authorize a judgment against him, the money having been paid out by him in pursuance of law.

We therefore find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*